**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN,<br><br>Plaintiff,<br><br>v.<br><br>STUART SHERMAN, et al.,<br><br>Defendants. | Case No. 1:15-cv-01548 LJO DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIM<br><br>THIRTY-DAY DEADLINE |

Plaintiff Cedric Eugene Green ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 13, 2015. He names the following Defendants: Warden Stuart Sherman; Correctional Captain J. Perez; Appeals Coordinator Ramos; Correctional Counselor J. Zamora; Mailroom Employee Franklin; Correctional Counselor D. J. Cunning; Correctional Officer Ybarra; and Correctional Officer J. Jasso.

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at R. J. Donovan Correctional Facility in San Diego, California. He was housed at Salinas Valley State Prison when and where the events giving rise to this action took place.

Plaintiff alleges that on March 4, 2008, while housed at High Desert State Prison he was granted a request for "Correspondence Approval with Another Inmate" which allowed him to send

2

and receive mail from his brother Lovince Green who was incarcerated in New York. This correspondence approval is transferable among institutions in the California Department of Corrections and Rehabilitation ("CDCR").

On October 19, 2012, while Plaintiff was housed at CSATF in Corcoran, California, Plaintiff met with Defendant Cunning and received a CDCR-128B acknowledging the existence of the correspondence approval in Plaintiff's Central File.

On February 27, 2014, Plaintiff received a CDCR-1819 from Defendant Perez notifying Plaintiff that incoming U.S. mail from "another inmate" was being held due to "no approval on file in mailroom." On the same date, Plaintiff submitted a CDCR-22 addressed to Defendant Zamora discussing the miscommunication within the mailroom about the standing correspondence approval; he requested that his central file be referred to for verification of the correspondence approval, and that the problem be corrected.

On March 12, 2014, Defendant Zamora advised Plaintiff the mailroom had been notified of the correspondence approval. On March 14, 2014, Zamora spoke to Plaintiff in person and stated that the miscommunication in the mailroom had been corrected and that Plaintiff could now resume receiving his mail from the approved inmate without further interruption. Plaintiff questioned Zamora about the already-held mail. Zamora telephoned an individual in the mailroom identified as "Franklin" who stated that the CDCR-1819 must be returned to the mailroom before the mail would be delivered. Plaintiff expressed his discomfort to Zamora about releasing the form without receiving the mail, because the form was the only evidence he had of the mail's existence.

On March 16, 2014, Plaintiff submitted a CDCR-22 to Franklin in the mailroom with the CDCR-1819 document attached. On March 20, 2014, Plaintiff submitted a CDCR-602/602-A to Warden Sherman concerning the ongoing, unresolved mail issues. On April 2, 2014, Defendant Ramos issued a CDCR-695 rejecting Plaintiff's appeal because Plaintiff had not attached the CDCR-1819 to the appeal; however, Plaintiff had provided the form to Defendant Franklin so he was unable to provide the form on appeal. On April 7, 2014, Plaintiff submitted a CDCR-22 to Defendant Ramos explaining that the document being demanded had been forwarded to Defendant Franklin as she had instructed in order to remedy the issue before appealing. On April 9, 2014, Defendant

3

Ramos rejected the appeal for a second time citing the same reasons.

On April 11, 2014, Plaintiff received a second notice by Defendant Perez of a second "incoming letter from another inmate" that was being held in the mailroom due to "no approval on file in mailroom" despite statements by Zamora that the problems had been corrected. On April 20, 2014, Plaintiff submitted a CDCR-22 addressed to Defendant Zamora notifying him of the recurring issues and requesting the names and titles of the individuals involved so he could proceed with legal action.

Plaintiff requests declaratory relief that the actions undertaken by Defendants were unlawful and violated Plaintiff's constitutional rights. He requests compensatory damages of $50,000 from each Defendant. He further requests punitive damages in the following amounts: $50,000 against Defendants Franklin and Ramos; $25,000 against Defendants Perez, Zamora, Jasso, and Ybarra; and $10,000 against Defendants Sherman and Cunning.

## C.    DISCUSSION

### 1.    Linkage

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Therefore, Plaintiff must link the named defendants to the participation in the violation at issue. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Some

4

culpable action or inaction must be attributable to Defendants.  <u>Starr</u>, 652 F.3d at 1205; <u>Jeffers v. Gomez</u>, 267 F.3d 895, 914-15 (9th Cir. 2001); <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446-47 (9th Cir. 1991).

In this case, Plaintiff names Warden Stuart Sherman as Defendant, presumably because he is in a supervisory position.  There is no evidence, however, that Defendant Sherman had any personal interactions with Plaintiff to form a basis of liability.  Plaintiff claims that he submitted an appeal to Defendant Sherman, but there is no evidence that Sherman received the appeal and failed to act on it.  Indeed, the appeal was answered by Defendant Ramos.  Therefore, Plaintiff fails to state a claim against Defendant Sherman.

In addition, Plaintiff fails to link Defendants Ybarra and Jasso to any actions.  Therefore, he fails to state a claim against Ybarra and Jasso.

2.   First Amendment Right to Send and Receive Mail

Prisoners have "a First Amendment right to send and receive mail." <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995).  Prison regulations relating to the regulation of incoming mail are analyzed under the Turner reasonableness standard set forth in <u>Turner v. Safley</u>, 482 U.S. 78, 89-91 (1987).  <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989).  The regulation is valid if it is reasonably related to legitimate penological interests.  <u>Turner</u>, 482 U.S. at 89.  In determining the reasonableness of the regulation, court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." <u>Turner</u>, 482 U.S. at 89-90.

Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights.  See <u>Davis v. Goord</u>, 320 F.3d 346, 351 (2d. Cir. 2003); <u>Gardner v. Howard</u>, 109 F.3d 427, 431 (8th Cir. 1997); <u>Smith v. Maschner</u>, 899 F.2d 940, 944 (10th Cir. 1990).

Here, Plaintiff states a claim under the First Amendment against Defendant Franklin for her actions in denying Plaintiff's mail despite being made aware of the correspondence approval

5

contained in his Central File.  At the pleading stage, Plaintiff also states a claim against Defendant Ramos for his repeated denial of Plaintiff's appeals.  Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  Here, it appears that Defendant Ramos repeatedly turned a blind eye to the constitutional violations alleged by Plaintiff, citing requirements Plaintiff could obviously not meet.

Plaintiff fails to state a claim against Defendants Zamora, Cunning, and Perez.  Defendant Cunning's only interaction with Plaintiff was their meeting on October 19, 2012, wherein Cunning acknowledged the existence of the correspondence approval in the central file.  Defendant Perez's only interactions with Plaintiff were his notifications that mail was being held by the mailroom.  There is no evidence that Perez personally acted to deny Plaintiff his mail.  As to Defendant Zamora, while it is true he was made aware of the mailroom problems, Plaintiff's allegations reveal only that Zamora endeavored to resolve the problems.  There is no indication that Zamora personally withheld Plaintiff's mail or took any action to assist in the withholding; and there are no allegations that Zamora had any authority to fix the problem other than to notify the mailroom of the issue.

3.     Intentional Infliction of Emotional Distress

In passing, Plaintiff claims Defendants' actions constituted intentional infliction of emotional distress.

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.  Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekkle v. United States, 567 F.3d 554, 855 (9th Cir. 2007); Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003).  Conduct is

6

outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community.  Corales, 567 F.3d at 571; Tekkle, 511 F.3d at 855; Simo, 322 F.3d at 622

Here, there is simply no evidence of any conduct so outrageous and extreme that no reasonable man in a civilized society should be expected to endure it.  Simo, 322 F.3d at 622.

### 4. Eighth Amendment Cruel and Unusual Punishment

Plaintiff also claims that Defendants' actions constituted cruel and unusual punishment.  The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In this case, there are no facts supporting a violation of the Eighth Amendment.

## D. **CONCLUSION AND ORDER**

Plaintiff's complaint states the following cognizable claim: (1) violation of the First Amendment by Defendants Franklin and Ramos.  It does not state any other claims against any other Defendants.

If Plaintiff files an amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

If Plaintiff chooses to amend, this will be his final opportunity.

If Plaintiff is willing to proceed on his cognizable claim, he may notify the Court in writing.  The Court will then dismiss Plaintiff's other claim(s) and Defendant(s), and provide Plaintiff with further instructions regarding service of a summons and the complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the cognizable claim identified above.

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: __August 28, 2016__             /s/ *Dennis L. Beck*
                                                             UNITED STATES MAGISTRATE JUDGE