1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   CEDRIC EUGENE GREEN,                    1:15-cv-01548-LJO-MJS (PC)

12              Plaintiff,                   **ORDER DENYING MOTION FOR**
                                             **APPOINTMENT OF COUNSEL**
13        v.
                                             **(ECF NO. 30)**
14   STUART SHERMAN, et al.,

15              Defendants.

16

17        On May 15, 2017, Plaintiff filed a motion seeking the appointment of counsel.

18   Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

19   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney

20   to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District

21   Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

22        In certain exceptional circumstances the court may request the voluntary

23   assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

24   However, without a reasonable method of securing and compensating counsel, the court

25   will seek volunteer counsel only in the most serious and exceptional cases. In

26   determining whether "exceptional circumstances exist, the district court must evaluate

27   both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate

28   his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal

                                            1

quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   May 24, 2017                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE