# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN,<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>FRANKLIN, et al.,<br><br>　　　　　　Defendants. | **CASE NO. 1:15-cv-1548-LJO-MJS (PC)**<br><br>**ORDER**<br><br>**(1) DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT;**<br><br>**(2) DIRECTING CLERK OF COURT TO FILE PLAINTIFF'S LODGED FIRST AMENDED COMPLAINT NUNC PRO TUNC;**<br><br>**(3) GRANTING DEFENDANTS' REQUEST TO SCREEN THE FIRST AMENDED COMPLAINT; AND**<br><br>**(4) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NOS. 29, 31, and 33)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 31, 2016, the then-assigned magistrate judge screened Plaintiff's complaint and found it to state a cognizable First

1

Amendment claim against Defendants Franklin and Ramos.[1] (ECF No. 11.) These Defendants appeared on April 28, 2017, by filing a motion to dismiss. Plaintiff did not file an opposition to the motion; instead, he lodged a First Amended Complaint. (ECF No. 31.) Defendants now move the Court to screen this new pleading. (ECF No. 33.)

**I.      Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[1] This case was reassigned to the undersigned on September 8, 2016.

on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

At all times relevant to this action, Plaintiff was a state inmate housed at California Substantive Abuse Treatment Facility ("CSATF") in Corcoran, California. He names as Defendants Mail Room Employee Ms. Franklin and Appeals Coordinator Mr. Ramos.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff maintains a "correspondence approval" to communicate with his brother, an inmate in the New York Department of Corrections. This approval is transferrable among California Department of Corrections ("CDCR") institutions, and it was in Plaintiff's Central File at CSATF as early as October 19, 2012.

On February 27, 2014, Plaintiff received a CDCR Form 1819[2] informing him that he has received mail from his brother, but that the mail "was being disapproved due to 'no approval on file in the mail room.'" That same day, Plaintiff submitted a request for a copy of his "correspondence approval" to be submitted to the mail room. The mailroom was notified of this document on March 12, 2014.

On March 14, 2014, Plaintiff asked a CSATF staff member Zamora (not a party to this action) about the status of his brother's mail that had been previously "disapproved." Zamora contacted the mailroom and spoke to Defendant Franklin, who declined to process the mail until she received the CDCR Form 1819 back from Plaintiff. Two days later, on March 16, 2014, Plaintiff attached the CDCR Form 1819 to a CDCR Form 22[3], which was submitted to Defendant Franklin in an informal attempt to resolve the dispute.

On March 20, 2014, Plaintiff submitted an inmate grievance requesting the prompt return of his mail. Defendant Ramos screened this appeal on April 2, 2014, asking for a copy of the CDCR Form 1819 as supporting documentation. Plaintiff responded that this

---
[2] A CDCR Form 1819 is titled "Notification of Disapproval – Mail / Packages / Publication."
[3] A CDCR Form 22 is titled "Inmate / Parolee Request for Interview, Item or Service."

3

form was unavailable to him because it was forwarded to Defendant Franklin. Defendant Ramos then issued a second screening order asking for the CDCR Form 1819.

On April 11, 2014, Plaintiff received another CDCR Form 1819 noting that a second piece of incoming mail from his brother was being disapproved because "no approval on file in the mail room."

Plaintiff seeks damages.

**IV. Discussion**

**A. First Amendment Claim**

Prisoners enjoy a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). Prison officials have a responsibility to forward mail to inmates promptly. Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). However, a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999). "Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983." Watkins v. Curry, 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citing Lingo v. Boone, 402 F. Supp. 768, 773 (C.D. Cal. 1975) (prisoner not entitled to monetary relief under section 1983 where prison officials erroneously withheld a single piece of mail on the grounds that it was inflammatory)); see also Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (defendants opened a single piece of legal mail by accident; "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the plaintiff]'s right to counsel or to access to the courts, does not give rise to a constitutional violation"); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974) (one incident of mail mishandling insufficient to show constitutional violation); cf. Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (9th Cir. 1996) (plaintiff stated a claim where he alleged not merely negligent, but deliberate, obstruction of his mail that resulted in mail delivery being delayed for an inordinate amount of time).

Plaintiff's claim against Defendant Franklin is that she failed to promptly deliver a piece of mail from Plaintiff's brother despite a "correspondence approval" allowing Plaintiff to receive such mail. On the facts alleged, though, there is no constitutional violation. Plaintiff learned that Defendant Franklin would return the mail upon receipt of the CDCR Form 1819, which Plaintiff then forwarded to her. While it appears that Defendant Franklin did not return the mail to Plaintiff, it is unclear if she received the CDCR Form 1819. In addition, there are no facts to suggest that this Defendant intended to intentionally interfere with or censor Plaintiff's mail. Without more, this claim fails as an isolated incident.[4]

## B. Inmate Appeal Process

Plaintiff's complains about Defendant Ramos responses to Plaintiff's administrative grievance. However, a defendant's actions in responding to an inmate appeal, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10. Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

Plaintiff alleges that Defendant Ramos improperly screened out his administrative appeal. Without more, though, these allegations are insufficient to establish liability.

---

[4] While Plaintiff did receive a second CDCR Form 1819 on April 11, 2014, he does not allege that Defendant Franklin authored this form.

5

1 Accordingly, this claim too must be dismissed.

**V.     Conclusion**

Based on the foregoing, Plaintiff's First Amended Complaint fails to state a claim and will therefore be dismissed. The Court will grant Plaintiff another opportunity to amend his complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Second Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. See Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Defendants' April 28, 2017, Motion to Dismiss the Complaint (ECF No. 29) is DENIED as moot;
2. The Clerk of Court is directed to lodge the First Amended Complaint (ECF No. 31) nunc pro tunc;
3. Defendants' request for screening (ECF No. 33) is GRANTED;
4. Plaintiff's First Amended Complaint is dismissed with leave to amend for failure to state a claim;

5. Within thirty (30) days from the date of this Order, Plaintiff must file a Second Amended Complaint curing the deficiencies identified by the Court in this Order or a notice of voluntary dismissal; and

6. If Plaintiff fails to file a Second Amended Complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: June 1, 2017                    /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE