UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN,<br><br>Plaintiff<br><br>v.<br><br>FRANKLIN, et al.,<br><br>Defendants. | **CASE NO. 1:15-cv-1548-LJO-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS (1) FOR SERVICE OF COGNIZABLE CLAIM AGAINST DEFENDANT FRANLKIN IN SECOND AMENDED COMPLAINT, AND (2) TO DISMISS ALL OTHER CLAIMS AND DEFENDANTS WITH PREJUDICE**<br><br>**(ECF NOS. 40 and 41)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 31, 2016, the then-assigned magistrate judge screened Plaintiff's complaint and found it stated a cognizable First Amendment claim against Defendants Franklin and Ramos. (ECF No. 11.) The case was reassigned to the undersigned September 8, 2016. Defendants appeared on April 28, 2017, and filed a motion to dismiss. Instead of filing an opposition to this motion, Plaintiff lodged a First Amended Complaint. (ECF No. 31.) The Court screened the First Amended Complaint and based upon facts therein that were not in the original complaint, found it stated no cause of action and dismissed it with leave to amend. (ECF No. 35.)

1

1  Plaintiff's Second Amended Complaint is now before the Court for screening. (ECF No. 40.)

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Accordingly, Defendants' request to screen this pleading will be granted. (ECF No. 41.)

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.  Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.   Plaintiff's Allegations**

At all times relevant to this action, Plaintiff was a state inmate housed at California Substantive Abuse Treatment Facility ("CSATF") in Corcoran, California. He names as Defendants Mail Room Employee Franklin and Appeals Coordinator Ramos.

Plaintiff's allegations may be fairly summarized as follows:

Generally, in California, inmates in different prisons may not correspond with one another. However, Plaintiff maintains a "correspondence approval" authorizing him to communicate with his brother, an inmate in the New York Department of Corrections. This approval is transferrable among California Department of Corrections ("CDCR") institutions, and it was in Plaintiff's Central File at CSATF as early as October 19, 2012.

On July 21, 2013 Plaintiff filed an unspecified complaint directly with the warden. Later, on January 7, 2014, Defendant Ramos told Plaintiff that he should not initiate complaints directly to the warden; Ramos said he would make sure that Plaintiff "thought better of it next time."

Following this interaction two pieces of mail from Plaintiff's brother were "disapproved."

First, on February 27, 2014, Plaintiff received a "Notification of Disapproval – Mail / Packages / Publication", CDCR Form 1819, signed by non-party Facility Captain J. Perez informing him that mail from his brother "was being disapproved due to 'no approval on file in the mail room.'" That same day, Plaintiff requested a copy of his "correspondence approval" to present to the mail room. The mailroom was notified of the approval on

3

March 12, 2014.

On March 14, 2014, in response to Plaintiff's inquiry (through a non-party staff member) about the status of his brother's mail, Defendant Franklin said she would not process the mail until she received the CDCR Form 1819 back from Plaintiff. Two days later, on March 16, 2014, Plaintiff submitted the CDCR Form 1819 to Defendant Franklin in an informal attempt to resolve the dispute.

On March 20, 2014, Plaintiff submitted an inmate grievance seeking the prompt delivery of his mail. Defendant Ramos screened Plaintiff's appeal on April 2, 2014 and asked for a copy of the CDCR Form 1819. Plaintiff responded that the form was unavailable because it had been forwarded to Defendant Franklin. Defendant Ramos then rejected the appeal.

On April 11, 2014, Plaintiff received another CDCR Form 1819, signed by J. Perez, noting that a second piece of mail from his brother was being disapproved because there was "no approval on file in the mail room."

In addition to the foregoing, Plaintiff states that his wages were withheld, that he was placed in Administrative Segregation on unfounded charges, and that his appeals were improperly handled. Plaintiff speculates that these actions, along with the withholding of mail, were in retaliation for filing the first complaint with the Warden.

Plaintiff seeks damages.

**IV.     Discussion**

    **A.     First Amendment Claim**

While prisoners enjoy a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)), the right to receive mail in prison is "subject to substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security." Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005). Therefore a prison policy that impinges on inmates' constitutional rights may nonetheless be valid if it is "reasonably related to legitimate penological interests." Turner

v. Safley, 482 U.S. 78, 89 (1987).

Prison officials have a responsibility to forward mail to inmates promptly. Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975). A temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999). Even if an error is repeated, "an isolated error in the routine processing of mail" does not constitute a violation. Evans v. Foss, No. 2:17-cv-1088 GEB KJN P, 2017 U.S. Dist. LEXIS 91796, at *5 (E.D. Cal. June 14, 2017) (noting that five letters lost over fourteen years is not a violation). However, the deliberate mishandling of a single piece of mail can state a cognizable § 1983 legal claim. See Watkins v. Curry, No. C 10-2539 SI (pr), 2011 U.S. Dist. LEXIS 34121, at *5 (N.D. Cal. Mar. 21, 2011) (noting that, "The value of such a claim may be quite low, but that does not mean a cognizable claim has not been pled."). This delay or obstruction must be "purposeful." Watkins v. Curry, 2011 WL 5079532, at *14 (N.D. Cal. Oct. 25, 2011) (citations omitted). See Penton v. Dickinson, No. 2:11-cv-0518 KJN P, 2012 U.S. Dist. LEXIS 93198, at *40 (E.D. Cal. July 5, 2012) (finding intentional action from the response of an unidentified mail room attendant acknowledging that mail was withheld); Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (plaintiff stated a claim where he alleged not merely negligent, but deliberate, obstruction of his mail that resulted in mail delivery being delayed for an inordinate amount of time). Without evidence of "purposeful" action or "a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an honest error by prison officials does not justify relief under § 1983." Watkins, 2011 WL 5079532, at *3 (N.D. Cal. Oct. 25, 2011) (citations omitted).

A person deprives another of a constitutional right under section 1983, if "he *causes* the deprivation." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant." Leer v. Murphy, 844 F.2d 628, 633, 1988 (9th Cir. 1988). A supervisor "is only liable for constitutional violations of his subordinates if the supervisor

participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisors must directly be involved in training, supervision, or control of subordinates involved in the claim, acquiesce in the constitutional deprivations of which the complaint is made, or engage in conduct that shows a reckless or callous indifference to the rights of others. Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007).

Plaintiff alleges a cognizable First Amendment claim against Defendant Franklin. Plaintiff maintained approval from CDCR to correspond with his brother. Defendant Franklin was notified that Plaintiff's mail had been withheld despite this approval, and in response she asked Plaintiff to send her the CDCR Form 1819 to enable her to resolve the situation and return his mail. Plaintiff complied with her request, but Defendant Franklin did not return Plaintiff's letter and Plaintiff's mail was destroyed. This deliberate action is sufficient to identify a cognizable claim against Defendant Franklin.

However, the facts as alleged only tangentially connect Defendant Ramos to the incident. Defendant Ramos does not work in or supervise the mailroom. The administrative appeals were handled by Defendant Ramos, but there is no indication that he personally was involved in the events giving rise to them. Therefore, this claim against Defendant Ramos will be dismissed. Plaintiff has failed on two amended complaints to sufficiently connect the actions of Defendant Ramos to deliberate interference with Plaintiff's mail.

### B. Due Process

Plaintiff may be attempting to state a due process claim under the Fourteenth Amendment. There is a due process liberty interest in receiving notice that incoming mail is being withheld by prison authorities. Frost v. Symington, 197 F.3d 348, 353-54 (9th Cir. 1999). Thus, withholding delivery of inmate mail must be accompanied by minimum procedural safeguards. Procunier v. Martinez, 416 U.S. 396, 417–18, 94 (1974) *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). These procedural safeguards include: (1) notifying the inmate that the mail was seized; (2) allowing the

inmate a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the one who seized the mail. Procunier, 416 U.S. at 418-19; Krug v. Lutz, 329 F.3d 692, 698 (9th Cir. 2003).

Plaintiff fails to state a cognizable due process claim. Plaintiff was notified that the mail had been seized. He was given the opportunity to protest the decision. Eventually his protest corrected the wrong. This claim will be dismissed.

**C.     Retaliation**

Plaintiff's allegations suggest a possible claim for retaliation. Within the prison context, a viable retaliation claim has five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Blaisdell v. Frappiea, 729 F.3d 1237, 1242 (9th Cir. 2013) (retaliation claims not limited to First Amendment speech or associational freedom issues).

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco. Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003) (finding that a prisoner establishes a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

The third prong can be satisfied by various activities but generally is shown by a prisoner's engagement in First Amendment activities. For example, filing a grievance is a

protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing a civil rights litigation similarly is protected under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively show that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532.

Plaintiff fails to states a cognizable retaliation claim against Defendants Ramos or Franklin.

Plaintiff' allegations suggest the framework, but not all the elements, of a retaliation claim insofar as they imply that Ramos set out to carry out a threat to punish Plaintiff for complaining directly to the warden. However, it appears that Defendant Ramos rejected Plaintiff's appeal as he was required to under prison rules, because the appeal was not accompanied by the CDCR Form 1819. According to Department Operations Manual § 54100.8, any appeal regarding the denial of mail must attach this form. California Department of Corrections and Rehabilitation, Department Operations Manual (2015). Since Ramos could not have processed the appeal, Plaintiff cannot show that it was rejected because of his protected conduct and unsupported by a legitimate penological interest.

Plaintiff did not have the Form 1819 because he had provided the document to Defendant Franklin. The facts do not indicate any relationship between Defendant

Franklin and Ramos. There is nothing in Plaintiff's pleading to suggest that Defendant Ramos had any connection to Defendant Franklin's request or with the decision by the mailroom to withhold either piece of mail.

Similarly, the facts as alleged do not indicate any motivation for Defendant Franklin to take retaliatory action against Plaintiff. Plaintiff speculates that Defendant Franklin requested the CDCR Form 1819 to ensure that Plaintiff could not file a complaint against her, but provides no facts from which it might be concluded that Franklin had reason to fear such a complaint.

Plaintiff alleges he lost wages and served unfounded time in segregation as retaliation, but does not provide any facts, dates, or other information to connect such events to either Defendant.

**V.  Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff proceed on his First Amendment claim for money damages against Defendant Franklin in her individual capacity;
2. All other claims asserted in the second amended complaint and all other named Defendants be dismissed with prejudice because Plaintiff has twice been advised of what must be plead to render such claims cognizable and, despite a total of three attempts, essentially re-alleges the same facts. Thus, no useful purpose would be served in once again advising of the essential elements and giving Plaintiff yet another opportunity to plead them.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen

(14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: October 25, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE