UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN, et al.,<br><br>Defendants. | CASE NO. 1:15-cv-1548-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION FOR ACTION TO PROCEED ON FIRST AMENDMENT CLAIM AGAINST DEFENDANT FRANKLIN AND TO DISMISS ALL OTHER CLAIMS AND DEFENDANTS**<br><br>(ECF NO. 42)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

**I.     Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

The Court initially determined that Plaintiff's complaint stated a First Amendment interference with mail claim against Defendants Franklin and Ramos. (ECF Nos. 11, 20.) The remaining claims and defendants were dismissed with prejudice. (ECF No. 20.) Franklin and Ramos waived service and filed a motion to dismiss. (ECF Nos. 25, 29.) While the motion to dismiss was pending, Plaintiff lodged a first amended complaint. (ECF No. 31.) The Court ordered the amended complaint filed, determined it stated no cognizable claims, granted Plaintiff leave to amend, and denied the motion to dismiss as

moot. (ECF No. 35.) Plaintiff then filed the second amended complaint, which is presently before the Court. (ECF No. 40.)

On October 26, 2017, the Magistrate Judge screened the second amended complaint and determined that only the First Amendment interference with mail claim against Franklin was cognizable. He issued findings and recommendations for the action to proceed on the cognizable claim against Defendant Franklin and to dismiss all other claims and defendants with prejudice. (ECF No. 42.) Plaintiff and Defendants Franklin and Ramos filed objections. (ECF Nos. 43, 44.) Plaintiff filed a response to Defendants' objections. (ECF No. 46.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendation to be supported by the record and by proper analysis. The Court concludes the objections are without merit for the reasons stated herein.

**II. Defendant Franklin**

The Magistrate Judge concluded that Plaintiff stated a cognizable First Amendment claim against Defendant Franklin for deliberate interference with Plaintiff's incoming personal mail.

Defendants argue that First Amendment protections for prisoner mail are usually analyzed in the context of access to courts and apply to legal mail. (ECF No. 44 at 3-4). However, although legal mail is subjected to a higher level of scrutiny, legal protections still apply to incoming non-legal mail. See Thornburgh v. Abbott, 490 U.S. 401, 414 (1989) (noting that incoming materials in prisons can only be restricted when it is reasonably related to a legitimate penological interest); see also, Turner v. Safley, 482 U.S. 78, 84 (1987) (finding that the First Amendment protects incoming personal mail). Defendants further state that Watkins v. Curry C-10-2539 SI (PR), 2001 U.S. Dist. LEXIS 34121 (N.D. Cal. Mar. 21, 2011), relied on by the Magistrate Judge, concerned incoming legal mail and therefore is not analogous to the current action. (ECF No. 44 at 4.) This is

incorrect. Although the plaintiff in <u>Watkins</u> alleged the letter was legal mail, the judge in that case concluded that the letter was non-legal mail and found a claim on the basis of a single piece of non-legal mail. See <u>Watkins,</u> No. C 10-2539 SI PR, 2011 WL 996802, at *2 ("For § 1983 purposes, Watkins' mail claim will be analyzed as a claim involving **non-legal mail**.") (emphasis added). Additionally, in <u>Watkins</u> the judge found a First Amendment claim based on the interference with the plaintiff's mail even though there was no effect on his right to access the court. <u>Id.</u> The Court concludes that Plaintiff's allegation that two pieces of incoming personal mail were deliberately lost or destroyed is sufficient, at the pleading stage, to state a claim.

Defendants also argue that the facts as alleged are too speculative to support finding a claim. (ECF No. 44 at 5.) Plaintiff is proceeding pro se, and his complaint must be liberally construed. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Hebbe v. Pliler</u>, 611 F.3d 1202, 1205 (9th Cir.2010). So construed, Plaintiff's allegations are sufficient to state a claim against Defendant Franklin. Plaintiff alleges that Defendant Franklin requested CDCR Form 1819 and told Plaintiff that his letter would be released once she was in receipt of the document. Plaintiff alleges that he complied, but did not receive the letter. These allegations support a plausible inference that Defendant Franklin had the ability to return Plaintiff's mail and deliberately either took action to ensure the mail was not returned or omitted to take an action that would ensure it was returned. This is sufficient, at the pleading stage, to find a cognizable claim. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

**III.    Defendant Ramos**

The Magistrate Judge concluded that the facts as alleged did not state a cognizable claim against Defendant Ramos.

Plaintiff's objections (ECF No. 43) do not raise an issue of fact or law under the findings and recommendations. Plaintiff alleges that Defendant Ramos did not accept an

3

appeal for his lost letter because Plaintiff did not have the necessary paperwork. Since the paperwork was a requirement of CDCR regulations, Defendant Ramos' actions were in support of a legitimate penological purpose and therefore insufficient to support a claim of retaliation. Additionally, Plaintiff's assertion that Defendants Franklin and Ramos participated in a conspiracy to deprive Plaintiff of his mail appears to be based purely on speculation. The allegations do not state a cognizable claim.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the October 26, 2017, findings and recommendation (ECF No. 42) in full;
2. Plaintiff shall continue to proceed on his First Amendment claim for money damages against Defendant Franklin in her individual capacity;
3. All other claims asserted in the second amended complaint and all other named Defendants are dismissed with prejudice;
4. Defendant Franklin shall respond to the second amended complaint within twenty-one days of the date of this order.

IT IS SO ORDERED.

Dated: **December 7, 2017**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

4