UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC EUGENE GREEN,<br><br>Plaintiff,<br><br>v.<br><br>STUART SHERMAN, et al.,<br><br>Defendants. | Case No. 1:15-cv-01548-LJO-MJS (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>(ECF NO. 49)<br><br>**ORDER STRIKING PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER TO THE COMPLAINT**<br><br>(ECF NO. 53)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DECLARE ADMINISTRATIVE REMEDIES EXHAUSTED**<br><br>(ECF NO. 54) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's First Amendment claim against Defendant Franklin. (ECF Nos. 40, 42.)

Before the Court are Plaintiff's motion for clarification (ECF No. 49), his reply to Defendant Franklin's answer and affirmative defense (ECF No. 53) and his motion to declare administrative remedies exhausted. (ECF No. 54).

## I. Motion for Clarification

Plaintiff's motion (ECF No. 49) seeks clarification of the status of this case and of this Court's denial (ECF No. 45) of Plaintiff's objection to extending Defendants time to respond to the first amended complaint. (ECF No. 36.)

On May 25, 2017, Defendants filed a motion requesting that the Court screen Plaintiff's first amended complaint before they had to respond. (ECF No. 33.) On June 8, 2017, Plaintiff asked the Court to deny Defendants additional time to respond. (ECF No. 36.) However, by then the Court had dismissed Plaintiff's first amended complaint for failure to state a claim (ECF No. 35), and so there was no pleading for Defendant's to answer and no need for them to seek or be given additional time to answer.

Plaintiff then filed a second amended complaint. (ECF No. 40.) The Court screened it and recommended it proceed on certain cognizable claims. (ECF No. 42.) Plaintiff's previously filed request to deny Defendant an extension of time was still pending on the record, and so was denied as moot. (ECF No. 45.)

As a result of the foregoing and more recent events, the current posture of the case is as follows:

1) Plaintiff has stated a cognizable First Amendment mail interference claim against Defendant Franklin. (ECF No. 47.)
2) On December 22, 2017, Franklin filed an answer to the complaint. (ECF No. 50.)
3) The Court then issued an order outlining the procedures to be followed and deadlines to be met for discovery and trial. (ECF Nos. 51, 52.) Both parties must comply with the terms of this order.
4) A settlement conference has been scheduled for March 23, 2018. (ECF No. 57.)

In summary, the case is at the stage where both parties can engage in pre-trial discovery and motion practice. In the interim, a judge will meet with the parties on March 23, 2018 and try to help them come to an agreement to settle the case.

## II. Reply and Affirmative Defense

Plaintiff filed a reply (ECF No. 53) to Defendant Franklin's answer to the complaint (ECF No. 50) and disputed the factual bases underlying Defendant Franklin's affirmative defenses.

No such response is required or permitted. See Fed. R. Civ. P. 7. Plaintiff provides no justification for filing it. The Court did not request or approve it. As such it will be stricken from the record.

(Plaintiff may dispute Defendant's characterization of the facts in appropriate motions and at trial.)

## III. Motion to Declare Exhaustion of Remedies

Plaintiff seeks an order declaring his remedies exhausted. (ECF No. 54.)

Pursuant to the PLRA "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). However, "[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. The PLRA's exhaustion requirement is not jurisdictional; it creates an affirmative defense that defendants must plead and prove. Id.

Thus, it is the Defendant's burden to prove that Plaintiff has not exhausted his administrative remedies. Therefore this issue generally is resolved on a motion for summary judgment by Defendant. Unless and until Defendant raises the defense, there rarely is any reason for the Court to address it.

However, if Plaintiff wishes to have the issue addressed and resolved, he too may file a motion for summary adjudication of the fact that he has exhausted his administrative remedies. However, in doing so, he must comply with the directives of

Fed. R. Civ. P. 56(b). The current motion is not properly brought.

Accordingly, Plaintiff's current motion to declare his administrative remedies exhausted shall be DENIED.

**IV.　Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for clarification (ECF No.49) is GRANTED;
2. Plaintiff's reply (ECF No. 53) to Defendant Franklin's answer to the complaint is STRICKEN from the record;
3. Plaintiff's motion to declare exhaustion of remedies (ECF No. 54) is DENIED.

IT IS SO ORDERED.

Dated:　January 31, 2018　　　　　/s/ *Michael J. Seng*
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE